LILLA L. WHITE, Respondent, *v.* MILTON S. PRICE et al.,
Appellants.

(Argued February 8, 1888; decided February 28, 1888.)

APPEAL from judgment of the General Term of the Supreme
Court in the fourth judicial department, entered upon an
order made November 10, 1885, which affirmed a judgment
in favor of plaintiff entered upon a decision of the court on
trial at Special Term.

This action was brought to set aside a transfer of certain
shares of the capital stock of the Solar Coarse Salt Company,

made by John O'S. Lynch as executor of the estate of James.
Lynch, deceased, to defendant Price, upon the ground that
the same were transferred by said executor without authority,
and also to set aside a subsequent transfer of said stock by
Price to defendant Howlett.

The following is the *mem.* of opinion in the case :

" The opinion of the court at Special Term and the opinion
of the General Term upon appeal from its decision (39 Hun,.
394), sufficiently justify the judgment now before us, unless
the trial court erred in rejecting against the objection of the
defendant, certain evidence which, as appellant now contends,
would show that the plaintiff had parted with all her interest.
in the property involved in this action. The testimony of the.
plaintiff, taken before trial, shows among other things that she
was a nun of the Roman Catholic Church ' and a member of'
the Society of the Sacred Heart.' Upon cross-examination.
by defendant's counsel she said ' everything is in common with.
us, nothing belonging to ourselves.' Asked ' is there any
condition as to the distribution of property belonging to one
entering the sisterhood,' the plaintiff objected as immaterial
and incompetent, and she said, ' whatever property we have
after our vows are taken, belongs to the society.' She also
stated that the regulations in regard thereto were printed, that.
each member had a copy, and that she in joining the society
agreed to ' perform and assent to all the regulations laid down
in the order.'

" The objection was renewed, ' that the evidence is inad-
missible on the ground that it is secondary, the regulations
being in writing.' She stated that she brought the action
because ' I thought it was my duty to the society to which I
belonged to do it.' The testimony indicates only that so far
as might be she had ceased to be earthly minded, and with a.
desire to be wholly occupied with her future obligations, was.
willing to devote her substance to the interests of the order to
which she belonged. It fails to prove any transfer effectual
even between the parties, and goes no farther than to show a.
subjection of her will, but no manifestation of it by any legal
or valid form. No transfer of title was established, if we:

take her words in the broadest sense.   But in any view the objection that better evidence existed as to what she had really done was a good one, and the trial judge committed no error in sustaining it.   The plaintiff's cause of action was meritorious, her resort to a court of equity necessary, the points made against her recovery are, in view of the consideration already given to them by the court of original jurisdiction and by the General Term, invalid and suggest no reason for a continuance of the litigation.

"The judgment appealed from should, therefore, be affirmed."

*Louis Marshall* for appellants.

*William G. Tracy* for respondent.

DANFORTH, J., reads for affirmance.
All concur, except RUGER, Ch. J., not sitting
Judgment affirmed.